UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Civil Action No.:

| | |
|---|---|
| EDWARD ALAN JOHNSTON,<br>    Plaintiff, | *<br>*<br>* |
| v. | * COMPLAINT<br>* |
| MORAN TOWING OF NEW HAMPSHIRE, INC.,<br>    Defendant. | *<br>* |

## PARTIES

1. The plaintiff, Edward Alan Johnston, resides at 101 Lewis Road, Kittery, ME 03904.

2. The defendant, Moran Towing Of New Hampshire, Inc. is a duly organized corporation in New Hampshire with a principal office at 34 Ceres Street, Portsmouth, New Hampshire 03801

3. The plaintiff was employed by the defendant and served as a Jones Act seaman and member and its fleet of accompanying vessels owned, operated or controlled by the defendant at all times relevant to this complaint.

## JURISDICTION

4. This is a case of maritime jurisdiction pursuant to 28 U.S.C. § 1333(1).

## FACTUAL ALLEGATIONS

5. On or about January 28, 2020, Edward Alan Johnston was employed by the defendant, Moran Towing of New Hampshire, Inc., and suffered serious injuries while in the course of his employment when a line snapped and struck him in the back.

1

## COUNT I
### Jones Act - Negligence
(Edward Alan Johnston v. Moran Towing of New Hampshire, Inc.)

6. Paragraphs 1-6 are adopted by reference.

7. The injuries sustained by the plaintiff were not caused by any fault on his part, but were caused by the negligence of the defendant, Moran Towing of New Hampshire, Inc. its agents, or servants as follows:

   a. failure to use due care to provide and maintain a seaworthy vessel with safe and proper appliances;

   b. failure to use due care to make reasonable and periodic inspection of said vessel, its equipment and appliances;

   c. failure to use due care to furnish the plaintiff with a reasonably safe place in which to perform his work;

   d. failure and negligence of fellow employees; and,

   e. failure and negligence in other respects that will be shown at the trial.

8. As a result of the said injuries, the plaintiff, Edward Alan Johnston has suffered great pain of body and anguish of mind, was prevented from performing his usual duties, incurred medical and hospital expenses, and has suffered and will suffer other damages that will be shown at trial.

9. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act. 46 U.S.C § 30104.

### REQUEST FOR RELIEF

For these reasons, the plaintiff demands as follows:

1. That this court enter judgment in his favor against the defendants.

2. That this court enter such other and further relief as it deems appropriate.

## COUNT II
### General Maritime Law- Unseaworthiness
(Edward Alan Johnston v. Moran Towing of New Hampshire, Inc.)

10. Paragraphs 1-10 are adopted by reference.

11. The injuries sustained by the plaintiff, Edward Alan Johnston, were caused by the unseaworthiness of defendant, Moran Towing of New Hampshire, Inc.'s vessel, its appliances, appurtenances, and equipment.

12. As a result of the said injuries, the plaintiff has suffered great pain of body and anguish of mind, lost a great deal of time from his usual work, incurred medical and hospital expenses, and has suffered and will continue to suffer other damages that will be shown at trial.

13. This cause of action is brought under the General Maritime Law based upon unseaworthiness and is for the same cause of action as Count I.

### REQUEST FOR RELIEF

For these reasons, the plaintiff demands as follows:

1. That this court enter judgment in his favor against the defendants.

2. That this court enter such other and further relief as it deems appropriate.

## COUNT III
### General Maritime Law- Maintenance and Cure
(Edward Alan Johnston v. Moran Towing of New Hampshire, Inc.)

14. Paragraphs 1-14 are adopted by reference.

15. As a result of his injuries, the plaintiff, Edward Alan Johnston, has incurred expenses for his maintenance and cure and will continue to do so.

## REQUEST FOR RELIEF

For these reasons, the plaintiff demands as follows:

1. That this court enter judgment in his favor against the defendants.

2. That this court enter such other and further relief as it deems appropriate.

## PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS

Respectfully submitted
By his attorney,

/s/ Christopher E. Grant,
Christopher E. Grant, Esq.   NH Bar # 6597
Boynton, Waldron, Doleac, Woodman & Scott, P.A.
82 Court Street
Portsmouth, NH 03801
603-775-6113
cgrant@nhlawfirm.com

Dated: January 5, 2023